


## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | ) |
| Plaintiff, | ) Misc. Case No. 1:20-mc-10 |
| v. | ) |
| | ) U.S.D.C. (W.D. Wash.) |
| OLYMPIC GAME FARM, INC., | ) Case No. 3:18-cv-06025 |
| ROBERT BEEBE, JAMES BEEBE, | ) |
| and KENNETH BEEBE, | ) District Judge: Ronald Leighton |
| Defendants. | ) Complaint Filed December 18, 2018 |

**PLAINTIFF ANIMAL LEGAL DEFENSE FUND'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY ROBERT SAWMILLER TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA DUCES TECUM AND TO ORDER ROBERT SAWMILLER TO SHOW CAUSE FOR WHY SANCTIONS SHOULD NOT ISSUE**



FILED
RICHARD W. NAGEL
CLERK OF COURT
20 MAR 30 PM 12:23
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as counsel may be heard in the United States District Court for the Southern District of Ohio, Plaintiff Animal Legal Defense Fund ("ALDF") will, and hereby does, move this Court to compel third party Robert Sawmiller to produce documents requested by Subpoena *Duces Tecum* ("Subpoena"), as well as move the Court to issue Mr. Sawmiller a Show Cause order for why the Court should not issue sanctions for his failure to respond to the Subpoena.

This Motion is based upon this Notice of Motion and the concurrently filed Memorandum of Points and Authorities, the Declaration of Daniel Waltz and exhibits thereto, and any and all other materials submitted to the Court on or before the time it decides this matter.

Dated: March 25, 2020

Respectfully submitted,

/S/ *Tad Brittingham*
Tad Brittingham (OH Bar No. 0084045)
Law Office of Steven Adams
9624 Columbus Road
Cincinnati, OH 45241
513 929-9333
tad@notguiltyadams.com

Daniel H. Waltz (*pro hac vice application coming*)
Animal Legal Defense Fund
The Yard, 700 Pennsylvania Ave SE
Washington, DC 20003
(707) 795-2533
dwaltz@aldf.org

*Attorneys for Animal Legal Defense Fund*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background.

This miscellaneous motion relates to *Animal Legal Defense Fund v. Olympic Game Farm et al.*, 3:18-cv-06025 (W.D. Wash.), a case concerning the conditions and treatment of the hundreds of animals located at a roadside zoo in Washington State called Olympic Game Farm ("OGF"). Because ALDF has brought multiple claims under the Endangered Species Act ("ESA"), important issues in the case against OGF include the species determination of several animals, where and how OGF acquired or disposed of those animals, and the health and welfare of the animals when OGF acquired or disposed of them. *See* Declaration of Daniel Waltz ("Waltz Decl.") ¶¶ 1-2 & Ex. A (attaching Complaint). Through discovery in the underlying matter, ALDF has learned that Robert Sawmiller has supplied several animals including two brown bears to ALDF. *See id.* ¶ 3. Mr. Sawmiller also currently possesses a wolf whom OGF appears to own, and Mr. Sawmiller is using the wolf for "breeding purposes." *Id.*

ALDF served a subpoena for documents related to the underlying OGF matter on February 21, 2020, requesting that Mr. Sawmiller produce documents fourteen days later, on March 6. *See id.* ¶ 4 & Ex. B (Subpoena). The Subpoena concerned a discrete collection of documents relevant to the claims and defenses in the underlying matter—namely, documents shedding light on the species, conditions, treatment, and health of the animals Mr. Sawmiller has supplied to and received from OGF. *See id.*

Mr. Sawmiller failed to object or otherwise respond to the subpoena by March 6, 2020. *Id.* ¶ 5. On March 13, ALDF attempted to reach Mr. Sawmiller by phone to ask him to respond to the Subpoena; someone answered and then hung up when ALDF asked for Robert Sawmiller. *Id.* ¶ 6 & Ex. C. On March 14, ALDF emailed Mr. Sawmiller at two of his known email

addresses, explaining that his responses to the Subpoena were overdue, asking for a response, and alerting him that ALDF would seek the Court's assistance if it did not receive a response by March 23. *Id.* ¶ 7 & Ex. D (March 14, 2020 email from Daniel Waltz). As of the date of this filing, Mr. Sawmiller has not responded to the Subpoena or made any other communications with ALDF. *Id.* ¶ 8.

## II. Mr. Sawmiller Must Comply with the Subpoena.

If a subpoena recipient fails to adequately respond to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Mr. Sawmiller has failed to object or otherwise respond to the properly issued subpoena duces tecum. Because Mr. Sawmiller's residence is in Wapokaneta, Ohio, compliance is required in the Southern District of Ohio. ALDF thus respectfully requests this Court to compel Mr. Sawmiller to produce *all documents*[1] responsive to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

## III. Mr. Sawmiller Must Show Cause for Why Contempt Sanctions Are Not Warranted.

Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[A] subpoena *duces tecum* is itself a court order, and noncompliance may warrant contempt sanctions." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir. 1983). Accordingly, ALDF respectfully requests the Court to order Mr. Sawmiller to show cause

---

[1] Mr. Sawmiller is precluded from raising objections to the Subpoena, as "courts have held that the failure to object in writing to a subpoena duces tecum within the time specified ordinarily constitutes a waiver of objections," including even privilege assertions. *Oneida, Ltd. v. U.S.*, 43 Fed. Cl. 611, 616 (1999) (collecting circuit court and district court cases for waiver principle).

for why it should not issue sanctions, including costs and attorneys' fees, against him. *See Nithyananda Dhanapeetam of Columbus v. Rao*, 2015 WL 13742739, *3-4 (E.D. Mich. Sept. 8, 2015) (because "Plaintiff has clearly demonstrated [the nonparty recipient] violated the subpoena by failing to appear for the deposition" and "has not filed an objection, moved to quash, or responded to Plaintiff in any manner," nonparty required to "show cause why he should not be held in civil contempt," including complying with subpoena and paying fees and costs); *Poly-Med, Inc. v. Novus Scientific PTE Ltd.*, 2017 WL 2291942 (S.D. Cal. May 25, 2017) (issuing "an Order to Show Cause why contempt sanctions should not issue" after nonparty "violated a specific and definite order of the court by failing to comply with the subject subpoena").

IV. **Conclusion.**

For the foregoing reasons, ALDF's Motion should be granted and Mr. Sawmiller should be ordered to comply with the Subpoena and Show Cause for why the Court should not issue sanctions.

Dated: March 25, 2020

                                              Respectfully submitted,

                                              /S/ *Tad Brittingham*
                                              Tad Brittingham (OH Bar No. 0084045
                                              Law Office of Steven Adams
                                              9624 Columbus Road
                                              Cincinnati, OH 45241
                                              513 929-9333
                                              tad@notguiltyadams.com

                                              Daniel H. Waltz (*pro hac vice application pending*)
                                              Animal Legal Defense Fund
                                              The Yard, 700 Pennsylvania Ave SE
                                              Washington, DC 20003
                                              (707) 795-2533
                                              dwaltz@aldf.org

                                              *Attorneys for Animal Legal Defense Fund*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, ) | |
| ) | |
| Plaintiff, ) | Misc. Case No. _____. |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| OLYMPIC GAME FARM, INC., ROBERT ) | |
| BEEBE, JAMES BEEBE, and KENNETH ) | |
| BEEBE, ) | |
| ) | |
| Defendants. ) | |

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Sonoma, State of California, and not a party to the above-entitled cause.

On March 27, 2020, I served a true copy of the foregoing document(s), *(1) Plaintiff Animal Legal Defense Fund's Notice of Motion and Motion to Compel Non-Party Robert Sawmiller to Produce Documents in Response to Subpoena Duces Tecum and to Order Robert Sawmiller to Show Cause For Why Sanctions Should Not Issue; (2) Declaration of Daniel H. Waltz in Support of Motion to Compel and to Show Cause; (3) [Proposed] Order Granting Animal Legal Defense Fund's Motion to Compel Compliance with Subpoena and Motion to Show Cause,* on the follow persons in the manner listed below:

| | |
|---|---|
| Alexander Penalta<br>Law Offices of Penalta & Associates PA<br>3301 S Ridgewood Avenue<br>Edgewater, FL 32141 | _X_ Email<br>law@penalta.com<br>___ U.S. Mail<br>___ Legal Messenger<br>___ Overnight Mail |
| James Curtis Feldman<br>Aric Hamilton Jarrett<br>Jason T. Morgan<br>Stoel Rives<br>600 University Street, Suite 3600<br>Seattle, WA 98101-3197 | _X_ Email<br>james.feldman@stoel.com<br>adam.hinz@stoel.com<br>aric.jarett@stoel.com<br>___ U.S. Mail<br>___ Legal Messenger<br>___ Overnight Mail |
| Claire Tonry<br>Smith Lowney<br>2317 E. John Street<br>Seattle, WA 98112 | _X_ Email<br>claire@smithandlowney.com<br>___ U.S. Mail<br>___ Legal Messenger<br>___ Overnight Mail |
| Robert Sawmiller<br>16761 County Road 25A<br>Wapokaneta, OH 45895 | ___ Email<br>_X_ U.S. Mail<br>___ Legal Messenger<br>___ Overnight Mail |

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 27, 2020

                                   *s/Gail Evans*
                                   Litigation Program Manager